```
UNITED STATES DISTRICT COURT                    For Online Publication Only
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NU-COMMUNITEK, LLC, et al,

                        Plaintiffs,

        -against-                                ORDER
                                                 18-CV-4799 (JMA) (SIL)
LEAF CAPITAL FUNDING, LLC, et al,

                        Defendants.
----------------------------------------------------------X
```

**AZRACK, District Judge:**

On August 23, 2018, pro se plaintiffs Nu-Communitek, LLC and Jarret Calmenson initiated a civil action against defendants.

On August 28, 2018, the Court issued an order directing service upon the defendants by November 21, 2018. Nu-Communitek, LLC was also directed to retain counsel within 30 days in order to proceed with its claims. No notice of appearance has been filed on behalf of Nu-Communitek, LLC. In an Order dated October 9, 2018, the Court dismissed the claims of Nu-Communitek, LLC.

On September 14, 2018, defendant filed a request for a pre-motion conference concerning a motion to dismiss the action for failure to state a claim. Plaintiffs never responded to the letter. In the October 9, 2018 Order, the Court directed Plaintiff Jarret Calmenson to file a response to defendant's pre-motion letter by October 23, 2018. Calmenson was warned that failure to respond may result in dismissal of the action for failure to prosecute. A copy of the Order was mailed to him at the address listed on the docket sheet.

To date, Calmenson has not responded to the pre-motion conference request or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Calmenson has failed to respond to the defendant's pre-motion conference request and the Court's October 9, 2018 Order. The Court warned Calmenson that failure to respond could result in the dismissal of the case. After considering all of the relevant factors, the Court concludes that Calmenson's failure to comply with the Court's Order and his failure to prosecute warrant dismissal. Accordingly, this case is dismissed for failure to prosecute. The Clerk of Court is directed to close this case and to mail a copy of this Order to Calmenson.

**SO ORDERED.**

Dated: November 6, 2018
Central Islip, New York

                    _____/s/ JMA_____
                    JOAN M. AZRACK
                    UNITED STATES DISTRICT JUDGE